[Civ. No. 26557. Second Dist., Div. Three. Nov. 13, 1963.]

WILLIAM SANTOS, Plaintiff and Respondent, v. LOLA STARK SANTOS, Defendant and Appellant.

Lola Stark Santos, in pro. per., Fishkin & Bilson and Michael Bilson for Defendant and Appellant.

Grossman & Shapiro and Morris Shapiro for Plaintiff and Respondent.

FILES, J.—This action to recover money obtained by fraud was tried before the court sitting without a jury. Plaintiff recovered a judgment, from which defendant has appealed.

The transactions in question took place in May 1959. The parties married on May 2, 1959, and separated on June 11, 1959. The complaint alleges that on May 6, plaintiff husband withdrew $4,000 from his savings account and turned it over to defendant wife; that on May 11 he withdrew the balance of $1,651 from his account and delivered it to her; that she induced him to do this by representing that she would invest it for him when in fact her intention was to convert the money to her own use. The answer of defendant admitted receipt of the money but denied the other allegations. As an additional defense and by way of counterclaim,

defendant alleged that plaintiff had become indebted to her in the sum of $7,100 for money lent, and that no part of that sum had been repaid except $5,651.

At the trial plaintiff testified that before the marriage defendant had told him that she owned several pieces of property and that she would sell him a house on Woodland Street which he "could turn around and sell ... for a thousand dollars profit." This property, which was then subject to a first trust deed, was quitclaimed to plaintiff. The $4,000 was paid to defendant for the equity. Defendant then arranged a sale of the property through an escrow which closed May 18, 1959. The proceeds of the sale consisted of a second trust deed note payable to plaintiff in the amount of $4,500 and a check payable to plaintiff in the amount of $566. While the escrow papers were being signed, defendant tricked plaintiff into signing an assignment of the note to her by telling him that the paper was a loan application. She asked him to endorse the check and give it to her so that she could deposit it in their joint account. He complied, but she never deposited the check in that account.

Plaintiff testified that on May 11 he withdrew the $1,651.99 balance from his savings account and placed it in a joint account with defendant, who promised to deposit an equal amount. She said, "Just trust me and I will make us a lot of money." The bank records disclose that instead of putting in money, defendant on June 5 withdrew plaintiff's deposit and placed it in a new account which she opened in her former name, "Lola Stark."

Defendant testified that plaintiff was indebted to her for various transactions, but she was unable to produce any checks, receipts, or other corroborating records. She said she had deeded the Woodland house to him as a gift, that he had given her the $4,000 as a partial repayment of his debt to her, and that the $4,500 trust deed and the $1,651.99 cash payment were gifts to her. Her testimony conflicted with statements she had made in a deposition and in her pleadings in the divorce case between the parties. It was shown that she owed thousands of dollars to other persons at the time she claimed to have been advancing money to plaintiff.

No more need be said about the evidence except that it was conflicting, and the trial court resolved the conflicts in plaintiff's favor. The court found that plaintiff was induced to part with his money by promises which defendant made without intent to perform. It also found that plaintiff had

not become indebted to defendant in any amount. The judgment for plaintiff was in the amount of $5,651.00 with interest from the date the parties had separated, June 11, 1959.

The testimony of plaintiff established the promises which were made and his reliance. Defendant's intent was reasonably inferred from her conduct. The bank records demonstrated that defendant had received the money, and plaintiff had ended with nothing. This made out a case of actionable deceit under Civil Code, section 1710, subdivision 4.

There is no merit in defendant's contentions that the case should be retried because of certain rulings on the admission of evidence. The testimony of the bank officer and the bank records concerning the joint bank account of defendant and her son showed the disposition of the $4,000 which plaintiff paid over to defendant. Though the proof was unnecessary in view of the defendant's admissions, the evidence was harmless. The bank records also disclosed the status of the account at a time prior to the transactions in question, but no prejudice is claimed or shown.

Defendant argues that plaintiff's testimony contained some conclusions as to his interpretation of the conversations between the parties. Assuming this to be so, no harm was done. Plaintiff's testimony included an adequate factual statement of the substance of the conversations, and the trial court was quite capable of distinguishing between fact and opinion.

The record does not bear out defendant's assertion that the trial judge unduly interfered with the cross-examination of plaintiff. The court's comments indicated that it was not interested in repetitious or argumentative questions or extended examination on matters not in issue. The judge reminded counsel that defendant's answer admitted her receipt of the money on the dates alleged in the complaint and that the defense, as pleaded, was that the money had been applied to the payment of a debt. The judge asked questions of his own as to matters which were unclear. It does not appear that the court either discouraged or prevented any proper cross-examination by counsel.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.